**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

RICHARD HOGEBOOM, MARY NARDULLI,
BRADFORD SPECK, MARY LOU SIMMONS,
& RAYMOND SPECK
Plaintiffs

CA 05 464ML

VS. C.A.NO: 05-

DANIEL FERREIRA, Individually,
DANIEL FERREIRA in his capacity as Trustee
of the Deolinda C. Ferreira Living Trust,
DANIEL FERREIRA, in his capacity as Trustee
of the Daniel and Evelyn Ferreira Living Trust,
EVELYN FERREIRA, Individually,
EVELYN FERREIRA, in her capacity as Trustee
Of the Daniel and Evelyn Ferreira Living Trust, &
THE DANIEL and EVELYN FERREIRA LIVING TRUST
Defendants

## COMPLAINT

## FACTS COMMONS TO ALL COUNTS

1. Plaintiff, Richard Hogeboom, is a resident of the State of Hawaii.

2. Plaintiff, Mary Nardulli, is a resident of the State of California.

4. Plaintiff, Bradford Speck, is a resident of the State of Rhode Island.

3. Plaintiff, Mary Lou Simmons, is a resident of the State of Rhode Island.

5. Plaintiff, Raymond Speck, is a resident of the State of Rhode Island.

6. Defendant, Daniel Ferreira (hereinafter referred to as "Ferreira"), is a resident of the Commonwealth of Massachusetts.

7. Defendant, Evelyn Ferreira, is a resident of the Commonwealth of Massachusetts.

8. Defendant, The Daniel and Evelyn Ferreira Living Trust, is a Massachusetts Trust that has been recorded in the Fall River Massachusetts Registry of Deeds.

9. Daniel and Evelyn Ferreira are Trustees of the Daniel and Evelyn Ferreira Living Trust.

10. Deolinda C. Ferreira was the mother of Evelyn Speck, Frank Ferreira, Daniel Ferreira and Mary Hogeboom.

11. On June 5, 1993, Deolinda C. Ferreira created the Deolinda C. Ferreira Living Trust (the "Trust"), to which she made certain amendments thereto. **Exhibit A**

12. The Trust was for the benefit of Deolinda C. Ferreira during her lifetime.

13. At the time of death of Deolinda C. Ferreira, the assets of the Trust were to be distributed equally between the named beneficiaries.

14. On June 9, 1993, deeds were recorded in the land evidence records for the Town of Portsmouth, Rhode Island, by which Deolinda C. Ferreira deeded that certain real property located at 515 Turnpike Avenue, Portsmouth, Rhode Island, and 519 Turnpike Avenue, Portsmouth, Rhode Island, as further described therein, into the Trust. **Exhibit B**

15. Deolinda C. Ferreira died on March 11, 2000.

16. Mary Hogeboom pre-deceased Deolinda C. Ferreira.

17. Evelyn Speck pre-deceased Deolinda C. Ferreira.

18. Frank Ferreira died subsequent to the death of Deolinda C. Ferreira.

19. The beneficiaries of the assets of the Trust are as follows:

a. Daniel Ferreira;

b. Raymond Speck, who is the surviving child of Evelyn Speck;

c. Bradford Speck, who is the surviving child of Evelyn Speck;

d. Mary Lou Simmons, who is the surviving child of Evelyn Speck;

e. Mary Nardulli, who is the surviving child of Mary Hogeboom; and

f. Richard Hogeboom, who is the surviving child of Mary Hogeboom.

20. Daniel Ferreira is entitled to receive a fifty percent interest in the assets of the Trust as a result of the assignment by Frank Ferreira to Daniel Ferreira of his interest in the assets of the Trust.

21. Raymond Speck, Bradford Speck, Mary Lou Simmons are each entitled to a one-third share of Evelyn Speck's interest in the Trust assets.

22. Mary Nardulli and Richard Hogeboom are each entitled to a one-half interest of Mary Hogeboom's interest in the Trust assets.

23. Pursuant to the Trust, Daniel Ferreira and Frank Ferreira were named co-trustees of the Trust.

24. On July 31, 2000, deeds were recorded in the land evidence records for the Town of Portsmouth, Rhode Island, transferring the properties located at 515 Turnpike Avenue and 519 Turnpike Avenue, from the Trust to Daniel Ferreira and Frank Ferreira in their capacity as Trustees or Successors in Trust under the Trust. **Exhibit C**

25. Frank Ferreira resigned as trustee on March 14, 2001. **Exhibit D**

26. On September 24, 2001, deeds were recorded in the land evidence records for the Town of Portsmouth, Rhode Island, transferring the properties located at 515 Turnpike Avenue and 519 Turnpike Avenue, from Daniel Ferreira in his capacity as Trustee under the Trust to Daniel E. Ferreira in his individual capacity. **Exhibit E**

27. On July 1, 2004, deeds were recorded in the land evidence records for the Town of Portsmouth, Rhode Island, transferring the properties located at 515 Turnpike Avenue and 519 Turnpike Avenue, from Daniel E. Ferreira to Daniel E. Ferreira and Evelyn I. Ferreira in their capacity as Trustees of the Daniel and Evelyn Ferreira Living Trust. **Exhibit F**

28. On June 20, 2005, a deed was recorded in the land evidence records for the Town of Portsmouth, Rhode Island, transferring the property located at 515 Turnpike Avenue from Daniel E. Ferreira and Evelyn I. Ferreira in their capacity as Trustees of the Daniel and Evelyn Ferreira Living Trust to William Arthur Voute. **Exhibit G**

29. William Arthur Voute paid $355,000.00 for the purchase of the property located at 515 Turnpike Avenue. **Exhibit H**

30. On May 5, 2005, a deed was recorded in the land evidence records for the Town of Portsmouth, Rhode Island, transferring the property located at 519 Turnpike Avenue from Daniel E. Ferreira and Evelyn I. Ferreira in their capacity as Trustees of the Daniel and Evelyn Ferreira Living Trust to Terence Dugan. **Exhibit I**

31. Terence Dugan paid $242,000.00 for the purchase of the property located at 519 Turnpike Avenue. **Exhibit J**

32. Plaintiffs did not become aware of the transfer of the 515 Turnpike Avenue and 519 Turnpike Avenue Portsmouth properties until the summer of 2005.

33. Plaintiffs have not received their pro-rate share of the income from the sale of the properties located at 515 Turnpike Avenue and 519 Turnpike Avenue.

34. Upon information and belief, Daniel Ferreira has come into possession of certain other assets of the Trust.

35. Plaintiffs have not received their pro-rate share of the Trust. **Exhibit K**

**Count I**
**Breach of Contract**

36. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

37. As trustee of the Trust, Ferreira had a contractual obligation to perform in accordance with the terms of the Trust.

38. Ferreira did not perform his contractual obligations in accordance with the terms of the Trust.

39. Ferreira breached his contractual obligations by his failure to perform in accordance with the terms of the Trust.

40. As a result of Ferreira's breach of the terms of the Trust, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demands judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action pursuant to R.I.G.L. 9-1-45 and any other relief the Court deems just and appropriate.

**Count II**
**Breach of Fiduciary Duty**

41. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

42. At all times pertinent hereto, Ferreira owed a fiduciary duty to Plaintiffs in the performance of his obligations as trustee.

43. Ferreira breached his fiduciary duty to Plaintiffs by failing to perform his obligations as trustee.

44. As a result of Ferreira's breach of his fiduciary duty, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count III**
**Breach of Implied Obligation of Good Faith Dealing**

45. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

46. At all times pertinent hereto, Ferreira was required to act in accordance with the implied obligation of good faith dealing.

47. Ferreira breached the implied obligation of good faith dealing.

48. As a result of Ferreira's breach of the implied obligation of good faith dealing, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count IV**
**Unjust Enrichment**

49. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

50. Daniel Ferreira has been unjustly enriched to the detriment of Plaintiffs.

51. Evelyn Ferreira has been unjustly enriched to the detriment of Plaintiffs.

52. The Daniel and Evelyn Ferreira Living Trust has been unjustly enriched to the detriment of Plaintiffs.

53. Plaintiffs are entitled to compensation from Defendants.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count V**
**Fraudulent Transfer**

54. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

55. The transfer of the 515 and 519 Turnpike Avenue properties to Daniel Ferreira in his individual capacity was a fraudulent transfer under Rhode Island law.

56. The transfer of the 515 and 519 Turnpike Avenue properties to Daniel Ferreira and Evelyn Ferreira was a fraudulent transfer under Rhode Island law.

57. The transfer of the 515 and 519 Turnpike Avenue properties to the Daniel and Evelyn Ferreira Living Trust was a fraudulent transfer under Rhode Island law.

58. The transfer of the 515 Turnpike Avenue property to William Arthur Voute was a fraudulent transfer under Rhode Island law.

59. The transfer of the 519 Turnpike Avenue property to Terence Dugan was a fraudulent transfer under Rhode Island law.

60. As a result of the fraudulent transfer of the 515 and 519 Turnpike Avenue properties, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count VI**
**Tortious Interference with an Inheritable Right**

61. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

62. Ferreira was aware of the existence of the Plaintiffs' right to inherit their share of the Trust assets

63. Ferreira intentionally interfered with the Plaintiffs' right to inherit their share of the Trust assets.

64. As a result of the Ferreria's conduct, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count VII**
**Prudent Investor Act**

65. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

66. As trustee of the Trust, Ferreira had a duty to manage the trust assets solely in the interest of the beneficiaries.

67. Ferreira breached his duty to Plaintiffs by failing to manage the Trust assets solely in the interest of the beneficiaries.

68. As a result of Ferreira's breach of his duty, Plaintiffs have suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon

and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count VIII**
**Fraudulent Misrepresentation**

69. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

70. Ferreira falsely represented that he was performing his duties as trustee.

71. Ferreira knew his representation was false at the time that it was made.

72. Ferreira intended to deceive Plaintiffs by inducing Plaintiffs to rely on this false representation.

73. Plaintiffs relied on Ferreira's misrepresentation.

74. Plaintiff's reliance on Ferreira's misrepresentation was reasonable under the circumstances.

75. As a result of this misrepresentation, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, in an amount sufficient to compensate them for their losses, plus interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action, and any other relief the Court deems just and appropriate.

**Count IX**
**Punitive Damages**

76. Plaintiffs re-assert paragraphs one through seventy-five as if fully set forth herein.

77. Ferreira's actions were malicious or intentional.

78. Ferreira's conduct requires deterrence and punishment over and above an award for compensatory damages.

WHEREFORE, Plaintiffs demand judgment against Defendant in the form of punitive damages.

**Count X**

**R.I.G.L. 9-1-2 – Civil Liability for Criminal Conduct**

79. Plaintiffs re-assert paragraphs one through thirty-five as if fully set forth herein.

80. Ferreira's actions constitute criminal conduct under Rhode Island law.

81. Plaintiffs have suffered an injury as a result of Defendant's criminal conduct.

WHEREFORE, Plaintiffs seek judgment against Defendant in an amount sufficient to compensate them for their losses pursuant to R.I.G.L. 9-1-2, including twice the value of the monies taken by Ferreira, interest thereon and costs, the payment of a reasonable attorney's fee for the prosecution of this action and any other relief this Court deems just and appropriate.

**Count XI**

**Accounting**

82. Plaintiffs reassert paragraphs one through thirty-five as if fully set forth herein.

83. Plaintiffs request an accounting in order to determine the amount of funds that are due to Plaintiffs as a result of Defendants' conduct.

WHEREFORE, Plaintiffs request that the Court grant their motion for an accounting, wherein Defendants shall be required to provide an accounting of all monies:

(a) received as a result of the sale of 515 Turnpike Avenue, Portsmouth, Rhode Island;

(b) received as a result of the sale of 519 Turnpike Avenue, Portsmouth, Rhode Island; and

(c) received by Daniel E. Ferreira in his capacity as Trustee of the Trust.

**Count XII**
**Constructive Trust**

84. Plaintiffs reassert by reference counts one through thirty-five as if fully set forth herein.

85. Plaintiffs request that Defendants be required to place all proceeds from the sale of 515 Turnpike Avenue, Portsmouth, Rhode Island, in a trust in order to ensure that Plaintiffs receive compensation in full for the damages sustained as a result of Defendants' conduct.

86. Plaintiffs request that Defendants be required to place all proceeds from the sale of 519 Turnpike Avenue, Portsmouth, Rhode Island, in a trust in order to ensure that Plaintiffs receive compensation in full for the damages sustained as a result of Defendants' conduct.

87. Plaintiffs request that Ferreira be required to place all monies received in his capacity as Trustee of the Trust, in a trust in order to ensure that Plaintiffs receive compensation in full for the damages sustained as a result of Defendants' conduct.

WHEREFORE, Plaintiffs requests that the Court grant their motion for the imposition of and maintaining of a constructive trust, wherein Defendants shall deposit all funds:

(a) received as a result of the sale of 515 Turnpike Avenue, Portsmouth, Rhode Island;

(b) received as a result of the sale of 519 Turnpike Avenue, Portsmouth, Rhode Island; and

(c) received by Daniel E. Ferreira in his capacity as Trustee of the Trust.

**Count XIII**
**Pre-Judgment Attachment**

88. Plaintiffs reassert by reference counts one through eighty-one as if fully set forth herein.

89. Daniel Ferreira and Evelyn Ferreira have an interest in that certain real property located at 1082 Hancock Street, Fall River, Massachusetts and in that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130.. **Exhibit L**

90. Plaintiffs will suffer irreparable harm unless a pre-judgment attachment is allowed on the property located at 1082 Hancock Street, Fall River, Massachusetts and in that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130.

91. There is a great probability that judgment will be rendered in favor of Plaintiffs upon the completion of a trial on the merits on Plaintiffs' claim for damages.

92. There are no other known assets that will satisfy the indebtedness to Plaintiffs.

WHEREFORE, Plaintiffs request that this Honorable Court allow for a pre-judgment attachment in the amount of $600,000.00 on the property located at 1082 Hancock Street, Fall River, Massachusetts, as well as the fixtures therein and thereon and on that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130.

**Count XIV**
**Temporary Restraining Order**

93. Plaintiffs reassert by reference counts one through eighty-one and eighty-eight through ninety-two as if fully set forth herein.

94. There is a strong likelihood that Plaintiffs will succeed on the merits of their case.

95. Plaintiffs have no adequate remedy at law or otherwise for the damages that will be suffered if the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, are refinanced or sold or otherwise encumbered or transferred.

96. Plaintiffs will suffer irreparable harm unless a temporary restraining order is issued preventing the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, from being alienated, sold, encumbered, pledged or transferred until Plaintiffs can establish their financial interest in said properties.

97. In balancing the equities of this case, Plaintiffs will suffer great hardship if their request for a temporary restraining order is denied; Defendants will suffer minimal hardship if it is granted and the public has a great interest in ensuring payment of a debt.

WHEREFORE, Plaintiffs seek the issuance of a Temporary Restraining Order, enjoining the sale, encumbrance, alienation, pledge or transfer of the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, until a hearing is held on Plaintiffs' applications for a preliminary injunction, a permanent injunction and for pre-judgment attachment.

**Count XV**
**Preliminary Injunction**

98. Plaintiffs reassert paragraphs one Plaintiffs reassert by reference counts one through eighty-one and eighty-eight through ninety-seven as if fully set forth herein.

99. Plaintiffs will suffer irreparable harm unless a preliminary injunction is issued enjoining the sale, encumbrance, alienation, pledge or transfer of the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, until Plaintiffs can establish their financial interest in the properties.

100. In balancing the equities of this case, Plaintiffs will suffer great hardship if their request for a preliminary injunction is denied; Defendants will suffer minimal hardship if it is granted and the public has a great interest in ensuring payment of a debt.

WHEREFORE, Plaintiffs seek the issuance of a Preliminary Injunction, enjoining the sale, encumbrance, alienation, pledge or transfer of the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, until a hearing is held on Plaintiffs' applications for a preliminary injunction, a permanent injunction and for pre-judgment attachment.

**Count XVI**
**Permanent Injunction**

101. Plaintiffs reassert paragraphs one Plaintiffs reassert by reference counts one through eighty-one and eighty-eight through one hundred as if fully set forth herein.

102. Plaintiffs will suffer irreparable harm unless a permanent injunction is issued enjoining the sale, encumbrance, alienation, pledge or transfer of the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, until Plaintiffs can establish their financial interest in the properties.

103. In balancing the equities of this case, Plaintiffs will suffer great hardship if their request for a permanent injunction is denied; Defendants will suffer minimal hardship if it is granted and the public has a great interest in ensuring payment of a debt.

WHEREFORE, Plaintiffs seek the issuance of a Permanent Injunction, enjoining the sale, encumbrance, alienation, pledge or transfer of the property located at 1082 Hancock Street, Fall River, Massachusetts, and the fixtures therein and thereon, and that certain vacant land located on Norman Street, Fall River, Massachusetts, which is identified as being Assessor's Plat D10, Lot 130, until a hearing is held on Plaintiffs' application for a pre-judgment attachment.

Plaintiffs,
By their attorneys,

**Plaintiffs request a jury trial**

Carl S. Levin, Esq., #3336
Armstrong, Gibbons & Gnys, LLP
155 South Main Street
Suite 301
Providence, RI 02903
(401) 751-1500 Ext. 26